**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HENRI NABABAN and HARLENA ROSE SILALAHI, <br><br> Petitioners, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 13-71331 <br><br> Agency Nos.      A078-020-176 <br>                    A096-349-826 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 4, 2016
Pasadena, California

Before: PREGERSON, BYBEE, and N.R. SMITH, Circuit Judges.

Henri Nababan and Harlena Rose Silalahi, natives and citizens of Indonesia,

petition for review of the Board of Immigration Appeals' ("BIA") order denying

their motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C.

§ 1252. We review for abuse of discretion the BIA's denial of a motion to reopen.

---

      *      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

*Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition for review.

Petitioners filed an untimely motion to reopen, because they filed it more than 90 days after the final order of removal. *See* 8 C.F.R. § 1003.2(c)(2). The BIA did not abuse its discretion in finding that Petitioners failed to establish materially changed circumstances in Indonesia to qualify for an exception to the time limitations for a motion to reopen. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi*, 597 F.3d at 989-90 (evidence must be "qualitatively different" to warrant reopening).

Although Petitioners are members of a disfavored group in Indonesia,[1] Petitioners failed to present evidence that they would be individually targeted based on their Christian faith. *See Wakkary v. Holder*, 558 F.3d 1049, 1053 (9th Cir. 2009). Membership alone in a disfavored group is not enough. *Id.* at 1066.

---

[1] Petitioners also assert that their residency in the United States and that they have three United States citizen children would put them and their children at risk of persecution. We have not recognized that a person with American ties qualifies as a member of a social group. *Cf. Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010). Further, Petitioners failed to challenge the BIA's conclusions with regard to the anti-American sentiment in their opening brief. Thus, any arguments on this claim are waived. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) ("[A]n issue referred to in the appellant's statement of the case but not discussed in the body of the opening brief is deemed waived.").

The BIA concluded that Petitioners did not produce sufficient evidence of materially changed country conditions or individualized risk. The BIA recognized that religious intolerance in Indonesia is on-going (including attacks against Christian churches and evidence that some government authorities have not responded to the incidents). However, the BIA concluded that the violence against Christians was neither systemic nor pervasive. Further, Petitioners failed to present the quantum of evidence necessary to show that their "predicament [was] appreciably different from the dangers faced by [their] fellow [Indonesians]." *Singh v. INS*, 134 F.3d 962, 967 (9th Cir. 1998) (quoting *Kotasz v. INS*, 31 F.3d 847, 852 (9th Cir. 1994)). These conclusions were not an abuse of discretion. *See Najmabadi*, 597 F.3d at 986 (the court "defer[s] to the BIA's exercise of discretion unless it acted arbitrarily, irrationally, or contrary to law").

**PETITION FOR REVIEW DENIED.**

FILED

SEP 15 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Nababan v. Lynch*, No. 13-71331
Pregerson, J., dissenting:

On November 20, 2014, President Obama asked:

Are we a nation that accepts the cruelty of ripping children from their parents' arms?  Or are we a nation that values families, and works together to keep them together?

President Barack Obama, Remarks by the President in Address to the Nation on Immigration (Nov. 20, 2014).   This case is an example of the cruelty of our immigration laws and the suffering inflicted on immigrant parents and their American citizen children.

Henri Nababan has lived in the United States for over 16 years, and his wife, Harlena Silalahi, has lived in the United States for over 14 years.  Together, they have a built a life here.  They have three United States citizen daughters: Hendira (age 11), Helena (age 10), and Hannalyn (age 5).  The girls are good students with bright futures.

The family is active in their Seventh Day Adventist Church: Henri serves as a deacon and an associate to young families; Harlena is in charge of the children's ministry.  They fear returning to and sought asylum from Indonesia where Christians are a recognized disfavored group.  *Tampubolon v. Holder*, 610 F.3d 1056, 1058 (9th Cir. 2010).  In Indonesia, Christians are "'subject to violence and official discrimination,' and the [Indonesian] government has largely acquiesced in

their persecution by those following 'militant expressions of Islam.'" *Salim v. Lynch*, No. 13-71833, 2016 WL 4073315, at *5 (9th Cir. Aug. 1, 2016) (quoting *Tampubolon*, 601 F.3d at 1060).

Despite the equities in this case, the government has chosen to prosecute Henri and Harlena. In doing so, the government has also chosen to rip this family apart.

I would grant the petition.